

# 1 : CV - 08 - 2265

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEYSTONE REDEVELOPMENT PARTNERS, :
LLC, :
              Plaintiff, :
               :
      v. :      Civil Action No. _____
               :
THOMAS DECKER, MARY DIGIACOMO :
COLINS, RAYMOND S. ANGELI, JEFFREY :
W. COY, JOSEPH W. MARSHALL, III, :
KENNETH T. MCCABE, and SANFORD :
RIVERS, all named in their individual capacities :
as members of the Pennsylvania Gaming :
Control Board in December 2006; and :
MARY DIGIACOMO COLINS, RAYMOND S. :
ANGELI, JEFFREY W. COY, JAMES B. :
GINTY, KENNETH T. MCCABE, SANFORD :
RIVERS, and GARY A. SOJKA, all named in :
their official capacities as current members of the :
Pennsylvania Gaming Control Board, :
               :
              Defendants. :

FILED
HARRISBURG
DEC 1 8 2008
MARY E. D'ANDREA, CLERK
Per_____
      Deputy Clerk

## COMPLAINT

Plaintiff, Keystone Redevelopment Partners, LLC ("Keystone"), for its complaint, states:

1.     Keystone seeks declaratory, injunctive and monetary relief against the above-named defendants in connection with past and ongoing violations of rights secured by the United States Constitution and the Pennsylvania Constitution.

2. Defendants, to the extent named in their individual capacities as members of the Pennsylvania Gaming Control Board ("PGCB") in December 2006, violated Article I, Section 8 (the "Commerce Clause") of, and the right to equal protection of the laws secured by, the United States Constitution, in connection with their denial of Keystone's application for a Category 2 slot machine license.

3. Defendants, to the extent named in their individual capacities, knowingly discriminated against, and imposed an undue burden on, interstate commerce, and also denied Keystone its right to equal protection of the law, when they rejected Keystone's application on the grounds that entities affiliated with Keystone operate casinos in Atlantic City, New Jersey.

4. Defendants, to the extent named in their official capacities as current members of the PGCB, are being sued to prevent ongoing violations of the Commerce Clause and the First and Fourteenth Amendments to the United States Constitution as well as Article 5, Section 9 of the Pennsylvania Constitution in connection with a separate proceeding to be brought by Keystone before the PGCB by which Keystone will seek to reopen the prior licensing proceeding for the purposes of reinstating Keystone's application and requesting that PGCB issue a Category 2 slot machine license to Keystone.

5. Unless enjoined by this Court, defendants, to the extent named in their official capacity, will deny Keystone's application, in violation of the Commerce Clause and the Fourteenth Amendment to the United States Constitution, and will apply and enforce the unconstitutional provision of Section 1308(c) of the Pennsylvania Race Horse Development and Gaming Act ("Gaming Act"), which purports to require the PGCB to reject any application submitted to it by a person or entity that has otherwise exercised its constitutional right to seek redress from the courts, in violation of the First and Fourteenth Amendments to the United States Constitution and Article 5, Section 9 of the Pennsylvania Constitution.

**Parties**

6. Keystone is a limited liability company organized and existing under the laws of the State of Delaware and is qualified to do business in Pennsylvania.

7. Thomas Decker, Mary DiGiacomo Colins, Raymond S. Angeli, Jeffrey W. Coy, Joseph W. Marshall, III, Kenneth T. McCabe, and Sanford Rivers (the "Individual Defendants") were the members of the PGCB who, acting under of state law, previously denied Keystone's application for a Category 2 slot machine license.

8. Defendants Mary DiGiacomo Colins, Raymond S. Angeli, Jeffrey W. Coy, James B. Ginty, Kenneth T. McCabe, Sanford Rivers, and Gary A. Sojka (the "Official Defendants") are the current members of the PGCB and are being sued in

3

their official capacities to prevent ongoing violations of the Constitutions of United States and Pennsylvania by the PGCB.

## Jurisdiction and Venue

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 & 1367.

10. The Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes this Court to grant the declaratory relief sought herein.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because one or more of the defendants resides in this district and a substantial portion of the events giving rise to the claims occurred in this district.

## Factual Background

12. The Gaming Act authorizes the PGCB to issue slot machine licenses, establishes criteria for the issuance of the licenses, and limits to two the number of such licenses that may be issued for casinos in the City of Philadelphia.

13. Keystone was one of five entities that, in or about December 2005, submitted applications to the PGCB for Category 2 slot machine licenses in the City of Philadelphia.

14. As part of the application process, the PGCB required Keystone to pay an application fee and to prepare and submit detailed reports, studies and plans.

4

15. Keystone spent more than $10.0 million, including fees and other payments to the PGCB, in connection with its license application and in a good faith effort to meet the requirements of the Gaming Act.

16. The PGCB, after considering the submissions before it, including testimony taken at a series of hearings, found that Keystone had submitted a "solid, competent proposal," and that it was therefore "eligible and suitable for licensure under the terms of the Act."

17. The PGCB and the Individual Defendants purporting to apply the statutory criteria for issuing a Category 2 license under the Gaming Act, by vote taken in December 2006 and by a decision and order issued in February 2007, nevertheless denied Keystone's application and granted licenses to two other applicants.

18. Rather than limit the scope of inquiry to the criteria established by the Gaming Act, the PGCB and the Individual Defendants rejected Keystone's application and awarded the licenses to competing entities based on the application of discriminatory criteria that were unrelated to the Gaming Act.

19. The Individual Defendants rejected Keystone's application, thus causing the licenses to be awarded to competing entities, in order to restrain, and in a manner that discriminated against, interstate commerce.

20. Rather than base their licensing decision on the criteria of the Gaming Act, the Individual Defendants effectively disqualified Keystone from receiving a license due to the fact that affiliates of Keystone operate casinos in Atlantic City, New Jersey.

21. The Individual Defendants, and the PGCB, intending to insulate casinos in Pennsylvania from lawful competition from out-of-state competitors while discouraging Pennsylvania residents from visiting out-of-state casinos and in order to otherwise erect a protectionist barrier to interstate commerce, unlawfully determined that the fact that affiliates of Keystone have existing casino operations in Atlantic City, New Jersey was a determinative "negative factor" in the licensing proceeding.

22. The Individual Defendants denied Keystone's application, having concluded, with no basis in fact, that, if they were to grant Keystone a license, Keystone might "lure" its Philadelphia customers to the Atlantic City, New Jersey operations of Keystone's affiliates.

23. By contrast, the Individual Defendants noted with approval that the competing entities to which they awarded licenses did not operate casinos in Atlantic City.

24. The Individual Defendants, and the PGCB, thus penalized Keystone based on the fact that affiliates of Keystone operate casinos in Atlantic City and

that, as a result, in their opinion, awarding a license to Keystone might ultimately result in persons who might otherwise visit casinos in Philadelphia choosing to visit casinos in Atlantic City.

25. The Individual Defendants, and the PGCB, took the actions described above, despite finding that, if awarded a license, "Keystone was likely to maintain a financially successful, viable and efficient business operation which would have maintained a steady level of growth and revenue."

26. The Individual Defendants and the PGCB, by awarding licenses based on discriminatory criteria not contained in the Gaming Act, intended to protect the Philadelphia gaming market and impair interstate commerce. This discrimination and disparate treatment provides an unfair and unlawful advantage to the class of applicants who are not affiliated or associated with casinos located in Atlantic City, New Jersey.

27. The actions of the Individual Defendants and the PGCB discriminate against the class of applicants who are affiliated with entities that engage in lawful businesses in Atlantic City, New Jersey, a class of which Keystone is a member.

28. As a result of the actions of the Individual Defendants described above, Keystone suffered substantial losses including amounts paid to the PGCB as well as amounts spent preparing and submitting its application.

29. Keystone, in the immediate future, will petition the PGCB to re-open the Category 2 licensing inquiry for the City of Philadelphia, to reinstate Keystone's application and to issue a license to Keystone.

30. The PGCB, intending to maintain a protectionist barrier around Pennsylvania, will continue to discriminate against Keystone as a result of Keystone's close affiliation with entities operating casinos in New Jersey and, therefore, is likely to again apply the unconstitutional criteria to deny Keystone a license.

31. The PGCB's conduct, as described above, is continuing and ongoing to this date in that, among other things, the PGCB has continued to, and is expected to continue to, promote and protect the previously awarded licenses to entities that are not affiliated or associated with a casino in Atlantic City and to deny Keystone's reopened application due to the fact that affiliates of Keystone operate casinos in New Jersey.

32. An actual dispute and controversy exists between Keystone and the PGCB, acting by the Official Defendants, which parties have genuine and opposing interests, which interests are direct and substantial, and of which a judicial determination will be final and conclusive.

## COUNT I
### (Against Individual Defendants - Commerce Clause)

33. The foregoing paragraphs are incorporated by reference.

34. The rights enforceable by 42 U.S.C. § 1983 include, among the rights guaranteed by the United States Constitution, the right to be free from state action that violates the Commerce Clause, Article I, Section 8 of the United States Constitution.

35. By the actions described above, the Individual Defendants, acting under color of state law, discriminated against out-of-state entities and interests for the purpose of unlawfully interfering with and regulating the interstate flow of articles of commerce.

36. The articles of commerce at issue in this matter include those investments and services that are utilized to offer and participate in gaming activities in various states, including Pennsylvania and New Jersey.

37. The Individual Defendants, through the conduct described above, have discriminated against, and unduly burdened, interstate commerce in violation of Article I, Section 8 of the United States Constitution.

38. The actions of the Individual Defendants described above caused Keystone to suffer substantial losses, including the fees, costs and expenses incurred or paid in connection with its application for a license.

9

WHEREFORE, Keystone demands judgment against each of the Individual Defendants for relief as follows:

    (a)    Declaratory judgment, pursuant to 28 U.S.C. § 2201, that the actions of the Individual Defendants in denying Keystone's application for a license were unconstitutional pursuant to the Commerce Clause, Article I, Section 8, of the United States Constitution;

    (b)    An award to Keystone and against the Individual Defendants of monetary damages in an amount to be determined at trial;

    (c)    An award of additional relief to Keystone that may be ancillary to the award of any of the foregoing relief, including Keystone's reasonable attorneys' fees and expenses to the extent allowed by law or equity, including 42 U.S.C. § 1988; and

    (d)    Such other and further relief as this Court deems just and proper.

## COUNT II
### (Against Official Defendants - Commerce Clause)

39.    The foregoing paragraphs 1-32 are incorporated by reference.

40.    The rights enforceable by 42 U.S.C. § 1983 include, among the rights guaranteed by the United States Constitution, the right to be free from state action that violates the Commerce Clause, Article I, Section 8 of the United States Constitution.

41.    Unless restrained by this Court, the Official Defendants, as the PGCB, and acting under color of state law, will continue to discriminate against Keystone based on its affiliation with entities operating casinos in New Jersey such as by protecting and promoting the licenses previously issued to entities that are not

associated or affiliated with casinos located in New Jersey and by denying or taking other adverse action with respect to a reopened application by Keystone for a license.

42. In the absence of the relief requested herein, Keystone will suffer irreparable harm for which there is no adequate remedy at law in that the Official Defendants, as the PGCB, through continuing application of unconstitutional licensing criteria, will deny, reject or otherwise take adverse action with respect to any application or petition by Keystone filed with the PGCB.

WHEREFORE, Keystone demands judgment against each of the Official Defendants for relief as follows:

(a) Declaratory judgment, pursuant to 28 U.S.C. § 2201, that a licensing determination made based on consideration of an applicant's affiliation with entities operating casinos in New Jersey violates the Commerce Clause, Article I, Section 8, of the United States Constitution;

(b) An injunction against ongoing application of unconstitutional licensing criteria in violation of the Commerce Clause, Article I, Section 8 of the United States Constitution;

(c) An award of additional relief to Keystone that may be ancillary to the award of any of the foregoing relief, including Keystone's reasonable attorneys' fees and expenses to the extent allowed by law or equity, including 42 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

# COUNT III
## (Against Individual Defendants - Equal Protection)

43. The foregoing paragraphs 1-32 are incorporated by reference.

44. The rights enforceable by 42 U.S.C. § 1983 include, among the rights guaranteed by the United States Constitution, the right to be free from state action that violates the Equal Protection Clause, Fourteenth Amendment to the United States Constitution.

45. By the actions described above, the Individual Defendants, acting under color of state law, placed Keystone in a class of applicants who are affiliated with persons and entities that offer and participate in gaming activities in Atlantic City, New Jersey.

46. The Individual Defendants, through the conduct described above, discriminated against and denied Keystone the equal protection of the laws and, without legitimate purpose or rational basis for doing so, have provided an unfair and unlawful advantage to the class of applicants who are not affiliated with persons and entities that operate casinos in Atlantic City.

47. For reasons including those above, the actions of the Individual Defendants violate the Equal Protection Clause, Fourteenth Amendment to the United States Constitution.

48. The actions of the Individual Defendants described above caused Keystone to suffer substantial losses, including the fees, costs and expenses incurred or paid in connection with its application for a license.

WHEREFORE, Keystone demands judgment against each of the Individual Defendants for relief as follows:

    (a) Declaratory judgment, pursuant to 28 U.S.C. § 2201, that the actions of the Individual Defendants in denying Keystone's application for a license were unconstitutional pursuant to the Equal Protection Clause, Fourteenth Amendment to the United States Constitution;

    (b) An award to Keystone and against the Individual Defendants for monetary damages in an amount to be determined at trial;

    (c) An award of additional relief to Keystone that may be ancillary to the award of any of the foregoing relief, including Keystone's reasonable attorneys' fees and expenses to the extent allowed by law or equity, including 42 U.S.C. § 1988; and

    (d) Such other and further relief as this Court deems just and proper.

### COUNT IV
**(Against Official Defendants - Equal Protection)**

49. The foregoing paragraphs 1-32 are incorporated by reference.

50. The rights enforceable by 42 U.S.C. § 1983 include, among the rights guaranteed by the United States Constitution, the right to be free from state action that violates the Equal Protection Clause, Fourteenth Amendment to the United States Constitution.

51. Unless restrained by this Court, the Official Defendants, as the PGCB, without legitimate purpose or rational basis for doing so, will continue to

discriminate against Keystone as a member of a class of applicants affiliated with entities operating casinos in Atlantic City, New Jersey, and to otherwise protect and promote the licenses issued to entities that are not associated or affiliated with casinos located in New Jersey.

52. In the absence of the relief requested herein, Keystone will suffer irreparable harm for which there is no adequate remedy at law in that the Official Defendants, as the PGCB, through continuing discrimination against a class of applicants, of which Keystone is a member, who are affiliated with persons or entities engaged in lawful gambling businesses in Atlantic City, New Jersey, will deny, reject or otherwise take adverse action with respect to any application or petition by Keystone filed with the PGCB.

WHEREFORE, Keystone demands judgment against each of the Defendant Officials for relief as follows:

(a) Declaratory judgment, pursuant to 28 U.S.C. § 2201, that a licensing determination made based on consideration of an applicant's affiliation with entities operating casinos in New Jersey violates the Equal Protection Clause, Fourteenth Amendment to the United States Constitution;

(b) An injunction against ongoing application of unconstitutional licensing criteria in violation of the Equal Protection Clause, Fourteenth Amendment to the United States Constitution;

(c) An award of additional relief to Keystone that may be ancillary to the award of any of the foregoing relief, including Keystone's reasonable attorneys' fees and expenses to the extent allowed by law or equity, including 42 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

## COUNT V
### (Against Official Defendants - Deterrence of Exercise of Rights)

53. The foregoing paragraphs 1-32 are incorporated by reference.

54. The rights enforceable by 42 U.S.C. § 1983 include, among the rights guaranteed by the United States Constitution, the right to be free from state actions that violate the Equal Protection and Procedural Due Process Clauses, Fourteenth Amendment to the United States Constitution, as well as those state actions that impede the right to petition the government for redress of harms, as guaranteed by the First Amendment to the United States Constitution.

55. Article 5, Section 9 of the Pennsylvania Constitution secures the right to challenge actions by administrative agencies such as the PGCB.

56. Section 1308(c) of the Gaming Act, 4 Pa.C.S. § 1308(c), purports to prevent the PGCB from considering an application for a license submitted by a person or entity that is challenging or otherwise seeking to overturn any decision or order of the PGCB approving, denying or conditioning a license to operate slot machines in Pennsylvania.

57. Section 1308(c) unconstitutionally conditions consideration for a license on an applicant's waiver of rights protected by the First and Fourteenth Amendments to the United States Constitution as well as the rights secured by

Article 5, Section 9 of the Pennsylvania Constitution, including the right to access the courts and petition for redress of the PGCB's violations of law.

58. Section 1308(c) unconstitutionally deters entities from exercising their rights to access the courts and to petition for redress for PGCB's violations of law, as guaranteed by the First and Fourteenth Amendments to the United States Constitution and as secured by Article 5, Section 9 of the Pennsylvania Constitution.

59. Section 1308(c) unconstitutionally discriminates against and denies applicants the equal protection of the law by excluding from consideration for a license those applicants that are exercising the constitutional right to seek redress for PGCB's violations of law.

60. Section 1308(c) violates Article 5, Section 9 of the Pennsylvania Constitution by purporting to preempt and render a nullity the right of appeal guaranteed by Article 5, Section 9 of the Pennsylvania Constitution.

61. Unless restrained by the Court, the Official Defendants, as the PGCB, will refuse to consider Keystone's reopened application because Keystone is exercising its right to challenge a decision of the PGCB.

62. In the absence of the relief requested herein, Keystone will suffer irreparable harm for which there is no adequate remedy at law in that the Official Defendants, as the PGCB, through continuing application of Section 1308(c) of the

Gaming Act, will deny, reject or otherwise take adverse action with respect to any application or petition by Keystone filed with the PGCB.

WHEREFORE, Keystone demands judgment against each of the Official Defendants for relief as follows:

(a) Declaratory judgment, pursuant to 28 U.S.C. § 2201, that Section 1308(c) of the Gaming Act, 4 Pa.C.S § 1308(c), violates the First Amendment and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Article 5, Section 9 of the Pennsylvania Constitution.

(b) An injunction against ongoing application of Section 1308(c) of the Gaming Act, 4 Pa.C.S § 1308(c), as violative of the First Amendment and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Article 5, Section 9 of the Pennsylvania Constitution.

(c) An award of additional relief to Keystone that may be ancillary to the award of any of the foregoing relief, including Keystone's reasonable attorneys' fees and expenses to the extent allowed by law or equity, including 42 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Respectfully submitted,

December 18, 2008

John P. Krill, Jr.
PA 16287 John.Krill@klgates.com
David R. Overstreet
PA 68950 David.Overstreet@klgates.com
Abram D. Burnett, III
PA 93023 abram.burnett@klgates.com
K&L Gates LLP
17 North Second Street, 18th Floor
Harrisburg, PA 17101-1507
T: 717-231-4500 / F: 717-231-4501
*Counsel for Plaintiff*
*Keystone Redevelopment Partners, LLC*